UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| DARLENE JACOBS LEVY, WASHINGTON AND SOUTH CLAIBORNE, L.L.C., AND MAGAZINE AND THALIA, L.L.C. | * | CIVIL ACTION |
| VERSUS | * | NO. 06-5731 |
| AXIS SURPLUS INSURANCE COMPANY, ACIS/TASSIN CATASTROPHE SERVICES, L.L.C., MIKE TUSA, RODCO WORLDWIDE, INC. AND UNDERWRITERS AT LLOYD'S OF LONDON | * | SECTION "L"(1) |

ORDER

Pending before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 4).  This Motion came for hearing, without oral argument on November 22, 2006.  For the following reasons, the Plaintiffs' Motion is DENIED.

Darlene Jacobs Levy, Washington and South Claiborne, L.L.C. and Magazine and Thalia, L.L.C. ("Plaintiffs") filed the instant complaint against insurers Axis Surplus Insurance Company ("Axis") and Lloyd's of London ("Lloyd's"); insurance broker Rodco Worldwide, Inc. ("Rodco"); and insurance adjusters ACIS/Tassin Catastrophe Services, L.L.C. ("ACIS") and Mike Tusa ("Tusa") (together, the "Defendants") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  Plaintiffs allege that ACIS and Tusa intentionally provided incorrect estimates of the value and extent of Hurricane Katrina-related property damage to deprive them of money and delayed filings reports with Axis.  The Plaintiffs further allege that they have suffered property damage in excess of 51%, entitling them to receive the full amount of damages for their properties.  The Plaintiffs claim they have made amicable

demand on Axis and Lloyd's to no avail, though state law requires insurance companies to pay undisputed claims within a sixty day period, and that the Defendants are jointly and severally liable for all damages.

The Defendants subsequently removed the case to this Court under diversity jurisdiction. Though Rodco, ACIS, Tusa and the Plaintiffs are all citizens of the State of Louisiana, the Defendants allege that ACIS, Tusa and Rodco were fradulently joined so as to prevent complete diversity and hence removal to this Court.  The Defendants state that the Plaintiffs are unable to allege any set of facts which would entitle them to relief from ACIS and Tusa, and the Plaintiffs fail to allege any claim against Rodco in their complaint.  The Plaintiffs filed this instant Motion to Remand, denying the Defendants' allegations.

"The burden of proving fraudulent joinder is a heavy one.  The removing party must prove there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984).  In the present case, as the parties do not dispute citizenship, the Court looks only to whether the Plaintiffs have "any possibility of recovery under state law against the party whose joinder is questioned." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).  The Court makes this determination resolving all contested factual allegations in the light most favorable to the Plaintiffs.  *Id.*

After a review of the Plaintiffs' claims against the adjusters, the Court finds that the Plaintiffs do not have any possibility of recovery against the adjusters, ACIS and Tusa, under state law.  The two Louisiana statutes which provide an insured with a cause of action against an insurer, La. Rev. Stat. Ann. §§ 22:6658 and 22:1220 (West 2006), do not apply to insurance

adjustors. *Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247, at *1 (E.D. La. Oct. 31, 2006); *Nero v. La. Indep. Ins. Agencies, Inc.*, 2003 WL 203145, at *2 (E.D. La. Jan. 27, 2003); *Yates v. Southwestern Life Ins. Co.*, 1998 WL 61033, at *4 (E.D. La. Feb. 12, 1998) (plain language of §22:1220 does not include insurance agents and statute must be narrowly construed as it imposes penalties). Furthermore, Plaintiffs may not establish a cause of action against the insurance adjustors in tort. *Motin v. Travelers Insur. Co.*, 2003 WL 22533673, at *4 (E.D. La. Nov. 4, 2003). Accordingly, the Plaintiffs fail to state a cause of action against ACIS and Tusa.

The Court additionally finds that the Plaintiffs' allegations do not support a valid claim of intentional conduct against Rodco. The Court reviews the state court petition at the time of removal for purposes of determining whether it has jurisdiction, *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). The Plaintiffs' petition only identifies Rodco as a Defendant corporation doing business in Louisiana and as Lloyd's insurance broker. (Pls' Compl. ¶ 1.) They additionally claim that Rodco is jointly and severally liable along with the other Defendants for the alleged intentional conduct. (Pls' Compl. ¶ 2, 11.) These statements lack any factual support upon review of the record and are thus insufficient to set forth a cause of action for intentional conduct.

Accordingly, IT IS ORDERED that the Plaintiffs' Motion to Remand is hereby DENIED. IT IS FURTHER ORDERED that the Plaintiffs' claims against ACIS, Tusa and Rodco be DISMISSED, and Rodco's Motion to Dismiss (Rec. Doc. 5) be DENIED AS MOOT. New Orleans, Louisiana, this 4th day of January, 2007.

_____
United States District Judge